UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 97-4524

RODNEY LYNN HAM,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
James H. Michael, Jr., Senior District Judge.
(CR-96-61)

Submitted: February 24, 1998

Decided: March 20, 1998

Before MURNAGHAN, NIEMEYER, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Charles Y. Sipe, ST. JOHN, BOWLING & LAWRENCE, Charlottes-
ville, Virginia, for Appellant. Robert P. Crouch, Jr., United States
Attorney, Jean B. Hudson, Assistant United States Attorney, Char-
lottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Rodney Lynn Ham pled guilty to three counts of making a false statement to obtain a firearm in violation of 18 U.S.C.A. § 924(a)(1)(A) (West Supp. 1997), and received a sentence of 27 months imprisonment. He appeals his sentence, alleging that the district court incorrectly calculated his guideline range. He also claims that his guilty plea was involuntary and that the government breached the plea agreement. We affirm.

In 1995 and 1996, Ham was in debt to Kimaunie Wynter for crack cocaine. Wynter told Ham he could pay off the debt by purchasing firearms for him. On three occasions, Ham purchased firearms for Wynter. Ham's plea agreement contained the following provision:

> I understand that the government will recommend at sentencing that I receive a sentence of not less than nine months incarceration. I understand that at sentencing my attorney will request a sentence of not more than nine months incarceration. I agree that a sentence of incarceration of nine months is an appropriate disposition in this case. I understand and agree that no one has promised me a particular disposition in this case, and that the matter of sentencing is entirely in the discretion of the court.

In calculating Ham's guideline range, the district court applied the cross-reference in USSG § 2K2.1(c)(1),[1] finding that Ham used the firearms in connection with the commission of another offense--drug trafficking. The cross-reference directed the court to apply USSG § 2X1.1 in respect to the underlying crime if the resulting offense level was greater. Applying USSG § 2X1.1 and USSG § 2D1.1, the guideline applicable to the underlying drug trafficking offense, the district court settled on a base offense level of 18 (for one and one-half grams of crack). With an enhancement for possession of a weapon, USSG § 2D1.1(b)(1), and a reduction for acceptance of

_____

[1] **U.S. Sentencing Guidelines Manual** (1995).

2

responsibility, USSG § 3E1.1, the final offense level was 17.**2** Ham was in criminal history category II,**3** which gave him a guideline range of 27-33 months. The court imposed a sentence of 27 months.

Ham contends that the crack was not relevant conduct under USSG § 1B1.3, and therefore the district court erred in applying the cross-reference to USSG § 2D1.1. The test for whether a weapon is used in connection with the commission of another offense under USSG § 2K2.1(c) is whether the weapon facilitated or potentially facilitated the other offense. See United States v. Nale, 101 F.3d 1000, 1003-04 (4th Cir. 1996). The test is the same one used to determine whether a firearm was used in relation to the commission of a drug trafficking crime under 18 U.S.C.A. § 924(c) (West Supp. 1997). See Smith v. United States, 508 U.S. 223, 237-38 (1993). In Smith, the Supreme Court held that bartering a firearm for drugs constitutes using the firearm in relation to a drug trafficking crime. Here, Ham made false statements in the course of purchasing firearms in order to trade them for crack. He had already consumed the crack, so the trade was after the fact. Nonetheless, by paying off his debt in this manner, Ham bartered the firearms for crack. Thus, the crack was a part of Ham's commission of the instant offense. Consequently, we have no difficulty in finding that the district court correctly determined that Ham used the firearms in connection with the commission of a drug trafficking offense and that the crack was relevant conduct.

Next, Ham argues that his guilty plea was not knowing and voluntary because he was in effect sentenced for a drug offense but the district court failed to inform him about the effect the crack would have on his sentence. We review the adequacy of a guilty plea de novo. See United States v. Good, 25 F.3d 218, 219 (4th Cir. 1994). Here, the exchange of firearms for crack was part of the factual basis for the plea. The court informed Ham that his sentence would be determined pursuant to the federal sentencing guidelines. Under Fed. R. Crim. P. 11, the court was not required to identify for Ham which guidelines might be important or to inform him what the applicable guideline

_____

**2** Calculated under USSG § 2K2.1 without the cross-reference, Ham's offense level was 15.
**3** The court departed from category III to category II under USSG § 4A1.3, p.s.

3

range would be. See United States v. Goins, 51 F.3d 400, 401 (4th Cir. 1995); United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991). The court was required to advise Ham of the statutory maximum and any statutory minimum sentence. The record discloses that the court fulfilled its obligation. Ham was informed that his plea exposed him to a maximum sentence of five years (there was no statutory minimum), that the sentence could not be determined until after the presentence report was prepared, and that a sentence more severe than expected would not be grounds for withdrawal of the guilty plea.

Finally, we find that the government did not breach the plea agreement. Ham contends that he understood the agreement to mean that the government would recommend a sentence of nine months. However, the agreement only required the government to recommend a sentence of not less than nine months. That recommendation was made.

Accordingly, we affirm the sentence imposed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4